# Exhibit R

## States Laws Grouped with California Breach of Contract Claim

| Juris-diction | Breach of Contract Elements | Measure of Damages | Statute of Limitations for Written Contract |
|---|---|---|---|
| Calif. | "[T]o establish a breach of contract [plaintiff] must demonstrate the <u>existence of a contract</u> that <u>they performed</u> or were excused from performing, that the <u>contract was breached</u> and that <u>damages resulted from the breach</u>." *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga*, 96 Cal. Rptr. 3d 813, 839 (Cal. Ct. App. 2009) (emphasis added). | "[P]laintiff is entitled to damages that are equivalent to the benefit of the plaintiff's contractual bargain." *Lewis Jorge Construction Mgt, Inc. v. Pomona Unified School Dist.* 34 Cal. 4th 960, 967–968 (2004). | 4 years; Cal. CCP §337. |
| Florida | "[E]lements: (1) a valid contract; (2) a material breach; and (3) damages." *Friedman v. New York Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th DCA 2008). | "It is well-settled that the injured party in a breach of contract action is entitled to recover monetary damages that will put it in the same position it would have been had the other party not breached the contract." *Capitol Environmental Svcs., Inc. v. Earth Tech, Inc.*, 25 So.3d 593, 596 (Fla. 1st DCA 2009) | 5 years; Fla. Stat. §95.11(2)(b) |
| Illinois | "[P]laintiff must prove (1) the existence of a valid and enforceable contract, (2) plaintiff's performance, (3) breach of the terms of the contract, and (4) damages resulting from the breach." *Spitz v. Proven Winners N. Am., LLC*, 759 F. 3d 724, 730 (7th Cir. 2014). | "The measure of damages for breach of contract is the amount that will compensate the aggrieved party for the loss 'which either fulfillment of the contract would have prevented or which the breach of it has entailed.'" (Citations omitted). Put another way, "[t]he purpose of damages is to place the nonbreaching party in a position that he or she would have been in had the contract been performed." (Citations omitted). *Gecker v. Flynn (In re Emerald Casino, Inc.)*, 2014 U.S. Dist. LEXIS 139804 (N.D. Ill. 2014). | 10 years; 735 ILCS 5/13-206. |
| Penn. | "To maintain a cause of action in breach of contract, a plaintiff must establish: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resulting damages." *Lackner v. Glosser*, 892 A.2d 21, 30 (Pa. Super. Ct. 2006). | Expectation damages are the preferred approach because they place the injured party in the position that would have resulted from receiving the benefit of the bargain. *ATACS Corp. v. Trans World Communications, Inc.*, 155 F.3d 659, 669 (3d Cir. 1998) (citing *Trosky v. Civil Serv. Comm'n*, 539 Pa. 356, 652 A.2d 813, 817 (Pa. 1995)). | 4 years; 42 Pa. C.S. §5525(a)(8) |
| Texas | "The essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.--Houston [14th Dist.] 2005, pet. denied). | "[E]xpectancy damages, similar to benefit-of-the-bargain recoveries, award damages for the reasonably expected value of the contract." *Hart v. Moore*, 952 S.W.2d 90, 97 (Tex. App. 1997). "Benefit of the bargain damages are the very essence of a breach of contract action and are recoverable under both Texas and Florida contract law." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001). | 4 years Tex. Civ. Prac. & Rem. Code § 16.051. |