UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST O. ABBIT, on behalf of himself and on behalf of all persons similarly situated,<br><br>                     Plaintiff,<br><br>v.<br><br>ING USA ANNUITY AND LIFE INSURANCE COMPANY, ING U.S., INC.,<br><br>                     Defendant. | Case No.: 13-cv-2310-GPC-WVG<br><br>**ORDER APPROVING PROPOSED CLASS NOTICE AND GRANTING MOTION FOR SCHEDULING ORDER TO SUBMIT NOTICE PLAN(S)**<br><br>[ECF No. 62] |

      On December 14, 2015, Plaintiff Ernest O. Abbit and Defendants ING USA Annuity and Life Insurance Company and ING U.S., Inc. ("Defendants" or "ING") filed a joint stipulation and motion for entry of scheduling order to approve plan to disseminate notice of class action. (Mot. Class Notice, ECF No. 62.) For the reasons set forth below, the Court **GRANTS** the parties' joint motion.

//
//
//
//

1

# BACKGROUND

On November 16, 2015, this Court certified the following classes and subclasses in this case:

## The Multi-State Class

All persons or entities, excluding defendants and their directors, officers, predecessors, successors, affiliates, agents, co-conspirator and employees, as well as the immediate family members of such persons, that, when a resident of either the state of California, Florida, Illinois, Pennsylvania or Texas, purchased a Secure Index fixed index annuity contract from ING USA Annuity and Life Insurance Company within the applicable statute of limitations.

## The California Class

All persons or entities, excluding defendants and their directors, officers, predecessors, successors, affiliates, agents, co-conspirator and employees, as well as the immediate family members of such persons, that, when a resident of California, purchased a Secure Index fixed index annuity contract from ING USA Annuity and Life Insurance Company within the applicable statute of limitations.

## The California Seniors Subclass

All members of the California Class that were age 65 or older on the date of purchase, excluding defendants and their directors, officers, predecessors, successors, affiliates, agents, co-conspirator and employees, as well as the immediate family members of such persons.

(Order Granting in Part and Denying in Part Mot. Class. Cert. ("Class Cert. Order"), ECF No. 59.)

The Court directed "the parties to meet and confer and submit a joint proposed notice to the Classes on or before December 14, 2015." (*Id.* at 27.) The parties jointly submitted a proposed Class Notice (Mot. Class Notice, Ex. A, ECF No. 62-2) and requested a deadline of January 5, 2016 to submit to the Court either a joint proposed Notice Plan or separate proposed Notice Plans for the Court's consideration. (Mot. Class Notice at 1, ECF No. 62)

## LEGAL STANDARD

For classes certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure, the court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  The Federal Rules further provide that: The notice must clearly and concisely state in plain, easily understood language:

    i. the nature of the action;
   ii. the definition of the class certified;
  iii. the class claims, issues, or defenses;
  iv. that a class member may enter an appearance through an attorney if the member so desires;
   v. that the court will exclude from the class any member who requests exclusion;
  vi. the time and manner for requesting exclusion; and
 vii. the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(i - vii).

Notice provides an opportunity for class members to participate in the litigation, to opt-out of the litigation, to monitor the performance of class representatives and class counsel, and to ensure that predictions of adequate representation are fulfilled.  Manual For Complex Litigation (Fourth) § 21.13 (2004).  In the Rule 23(b)(3) context, due process is satisfied "where a fully descriptive notice is sent first-class mail to each class member, with an explanation of the right to 'opt out,'" within a reasonable time.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

## DISCUSSION

Having reviewed the proposed Class Notice (ECF No. 62-1) and finding that the notice complies with the Court's Class Cert. Order (ECF No. 59) and Rule 23(b)(3), the Court hereby **APPROVES** the proposed Class Notice.  The parties are authorized to make non-substantive changes to the notice, as long as they are acceptable to both parties, to reflect deadlines, mailing addresses, and similar information or to format the notice for

printing.

    The parties shall submit to the Court on or by **January 5, 2016** either a joint proposed Notice Plan or separate proposed Notice Plans for the Court's approval and directive to issue notice to the Classes.

    **IT IS SO ORDERED**.

Dated: January 4, 2016

Hon. Gonzalo P. Curiel
United States District Judge