UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST O. ABBIT, on behalf of himself and on behalf of all persons similarly situated,<br><br>                                   Plaintiff,<br><br>v.<br><br>ING USA ANNUITY AND LIFE INSURANCE COMPANY, ING U.S., INC.,<br><br>                                   Defendants. | Case No.: 13-cv-2310-GPC-WVG<br><br>**ORDER DENYING LARRY D. KLEVOS'S MOTION TO INTERVENE**<br><br>**[ECF No. 116.]** |

Before the Court is Larry D. Klevos's ("Intervenor's" or "Klevos's") Motion to Intervene. (Dkt. No. 116.) Defendants ING USA Annuity and Life Insurance Company and ING U.S., Inc. (collectively, "Defendants") oppose. (Dkt. No. 120.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers and applicable law, the Court **DENIES** Klevos's Motion to Intervene.

## BACKGROUND

The Court has previously recited the factual background in this case at length and will not reiterate it here. *See, e.g.*, Dkt. No. 117, Order Granting Defendants' Motion for Summary Judgment on Certified Class Claims; Dkt. No. 59, Order Granting in Part and

1

Denying in Part Motion for Class Certification. A brief review of relevant procedural background suffices.

On March 27, 2014, Plaintiff Ernest O. Abbit ("Plaintiff" or "Abbit") filed a First Amended Complaint ("FAC"), alleging eleven causes of action against Defendants: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty and aiding and abetting a breach of fiduciary duty; (4) financial elder abuse in violation of California Welfare & Institutions Code §§ 15600, *et seq.*; (5) actual and constructive fraud; (6) unlawful, deceptive, and unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.* (also known as the Unfair Competition Law ("UCL")); (7) unfair, deceptive, and misleading advertising in violation of California Business & Professions Code §§ 17500, *et seq.*; (8) failure to supervise; (9) declaratory relief regarding qualifying securities; (10) violations of the California Securities Act; and (11) control person liability. (Dkt. No. 20.)

On November 16, 2015, the Court certified the class. (Dkt. No. 59 at 3.) Specifically, the Court certified the following five claims: (1) a breach of contract claim based on "ING setting the prices of the undisclosed derivatives structure so low that the true values of the contracts were below the minimum values guaranteed," (*id.* at 15); (2) a UCL claim, flowing from the breach of contract claim, based on "Plaintiff's theory under the Insurance Code . . . that ING failed to maintain guaranteed values of the Secure Index FIAs as required by Cal. Ins. Code § 10168.25," (*id.* at 20); (3) a financial elder abuse claim, also flowing from the breach of contract claim, based on "Plaintiff's theory regarding the failure to maintain guaranteed values of the Secure Index FIAs," (*id.* at 22); and (4) two securities law claims under California law, based on Plaintiff's "novel theory which would extend the reach of securities law to FIAs" on the basis that "FIAs are securities because ING's internal execution of the 'derivatives' and 'options' transfers market risks from ING to Plaintiff and the California Subclass," (*id.* at 23).

On February 1, 2016, Defendants filed a motion for summary judgment on the certified class claims. (Dkt. No. 70.) On April 26, 2016, the Court directed

dissemination of the class notice. (Dkt. No. 91.) On July 20, 2016, the opt-out period expired. (Dkt. No. 91 at 1.)

On August 30, 2016, Larry D. Klevos, a class member in the instant litigation, filed his motion to intervene, seeking intervention as of right pursuant to Federal Rule of Civil Procedure 24(a) and permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). (Dkt. No. 116.) Klevos seeks to intervene as an additional plaintiff and as a proposed class representative. (*Id.*) In his proposed Complaint in Intervention, Klevos asserts seven claims for relief: (1) breach of contract and breach of the implied covenant of good faith and fair dealing; (2) breach of fiduciary duty and aiding and abetting a breach of fiduciary duty; (3) constructive fraud and concealment; (4) financial elder abuse; (5) violation of the UCL; (6) violation of the California Securities Act; and (7) control person liability. (Dkt. No. 116-2.)

The Court granted Defendants' motion for summary judgment on all certified class claims on the same day Klevos filed his motion to intervene. (Dkt. No. 117.)

## DISCUSSION

### I. Intervention as of Right

In relevant part, Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Thus, there are four requirements for intervention as of right: (1) timeliness, (2) an interest relating to property or transaction that is the subject of the action, (3) disposition of the action may impair or impede the movant's ability to protect the interest, and (4) the movant's interest is not adequately represented by existing parties. *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996). Failure to satisfy even one of these elements prevents the

applicant from intervening as of right. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

Klevos seeks intervention as of right to "pursue and represent claims not represented by Mr. Abbit." (Dkt. No. 116-1 at 2.) Klevos seeks to (1) "represent purchasers of Secure Index 'flexible premium' contracts who paid 'additional premium,' and to pursue related claims" and to (2) "represent Class members who, to purchase their Secure Index contracts, generated purchase proceeds through 'replacement' of an existing annuity or thorugh 'financing,' and to pursue related claims." (Dkt. No. 116-1 at 2.) Defendants contend that Intervenor cannot intervene on these grounds because he cannot meet the requirements for intervention as of right. *See Northwest Forest Res. Council*, 82 F.3d at 836.

**A. Significantly Protectable Interest**

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). A prospective intervenor must demonstrate a significantly protectable interest in the lawsuit to merit intervention. *Northwest Forest Res. Council*, 82 F.3d at 837. "To demonstrate this interest, a prospective intervenor must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Id.* (internal citation, quotation marks, and alteration omitted). An applicant generally satisfies the "relationship" requirement only if the resolution of the plaintiff's claims actually will affect the applicant. *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998).

The Court granted Defendants' motion for summary judgment on the five certified class claims. (Dkt. No. 117.) Accordingly, only Plaintiff's individual claims—which the Court declined to certify—remain in the instant litigation.[1] (Dkt. No. 59.) Klevos has

---

[1] Klevos makes a futile contention that class members are not bound by the Court's order granting Defendants' motion for summary judgment on the certified class claims. (Dkt. No. 116-1 at 4.) The Court ordered dissemination of the class notice on April 26, 2016. (Dkt. No. 91.) On July 20, 2016, the

not demonstrated that resolution of Abbit's individual claims will actually affect him.[2] *See Donnelly*, 159 F.3d at 410; *see also O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404, 421 (C.D. Cal. 2000) (denying motion to intervene in class action where the court decertified the class because decertification "remove[d] the threat of an adverse impact on the intervenor's individual interests," even though the present representatives would not adequately represent the intervenors' interests had the court allowed the class action to continue). Klevos summarily argues that he and the other class members have a significantly protectable interest in the action by virtue of their participation in the class claims regarding the class members' lost retirement savings. Klevos does not satisfy the threshold requirement of a significantly protectable interest in Abbit's individual claims and thus cannot intervene as of right.[3] *See League of United Latin Am. Citizens*, 131 F.3d at 1302.

Accordingly, Klevos's motion for intervention as of right is **DENIED**.

////

---

class opt-out period expired. (Dkt. No. 91 at 1.) Accordingly, the Court's August 30, 2016 order granting Defendants' motion for summary judgment on the certified class claims applied to the entire class. A judgment in favor of the defendant in a class action "extinguishes the claim." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984).

[2] To the extent Klevos argues that his interests may be impaired because Defendants will "almost certainly move to dismiss" on collateral estoppel grounds "any subsequent action brought by individual Class members attacking the illusory link between the FIAs and the S&P 500 Index," such an argument is speculative. (Dkt. No. 124 at 8.) Klevos seeks intervention as of right in order to represent purchasers who paid "additional premiums" and to pursue claims flowing from class members' purchases of Secure Index contracts via "replacement" of an existing annuity or "financing." (Dkt. No. 116-1 at 7–8.) Klevos maintains that Abbit did not pay an additional premium or purchase his Secure Index contract via replacement of an existing annuity or financing and accordingly did not assert any claims flowing these distinct facts. (*Id.*) Whether Klevos's proposed claims, which Klevos contends were not adjudicated in this case, are barred by collateral estoppel is a legal determination not before the Court.

[3] To the extent Klevos seeks to intervene as of right to revive the certified class claims, Klevos fails to demonstrate that Abbit inadequately represented his interests as a class member. Where "the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." *Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006).

## II. Permissive Intervention

In relevant part, Federal Rule of Civil Procedure 24(b) provides:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

In addition, the movant must show an independent basis for federal jurisdiction. *Northwest Forest Res. Council*, 82 F.3d at 839. "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly*, 159 F.3d at 412; *accord Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011).

Klevos seeks permissive intervention to ensure representation and pursuit of (1) "claims related to Defendants' wrongful execution, investment management, and pricing of the Secure Index contracts' embedded derivatives and hedging structure"; (2) "claims related to ING USA's breaches of Secure Index contract provisions governing the 'Strategies,' all 'Guaranteed Contract Values' and accurate reporting of the contracts' values"; (3) "claims related to Defendants' breach of their investment management and financial advisor obligations to the Classes, and in particular, to senior citizens"; and (4) the California Securities Act claims. (Dkt. No. 116-1 at 3.) Defendants contend that Klevos fails to meet his burden to demonstrate commonality, and that permissive intervention will result in undue delay and prejudice.

### A. Commonality

Klevos argues that he satisfies the commonality requirement because common threads of fact and law unite his claims and the *Abbit* class claims. However, Klevos does not carry his burden to show that his claims share a common question of law or fact with Plaintiff's individual claims, which the Court declined to certify and are all that remain of the main action.

/ / / /

## B. Timeliness

A timely motion is required for the granting of intervention, whether as a matter of right or permissively.[4]  *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015). "Timeliness is to be determined from all the circumstances . . . by the court in the exercise of its sound discretion." *National Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 366 (1973).  In determining whether a motion to intervene is timely, a court assesses "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Northwest Forest Res. Council*, 82 F.3d at 836.

Klevos contends that his motion is timely because merits discovery is stayed, the case schedule has been vacated, and Klevos only received notice of the *Abbit* class litigation in June 2016.  Klevos reiterates his timeliness arguments in contending that no undue delay or prejudice will result from his intervention.  In response, Defendants argue that allowing Klevos to insert new claims into the litigation—which now consists solely of Abbit's individual claims—and to resurrect claims in Plaintiff's FAC that the Court declined to certify for class treatment would likely result in undue delay, should discovery and class certification proceedings be reopened.

The Court finds that the late stage of the proceedings and the likelihood of undue delay and prejudice resulting from intervention weigh against the timeliness of Klevos's motion for permissive intervention.  *See Northwest Forest Res. Council*, 82 F.3d at 836. "[T]he fact that the district court has substantively—and substantially—engaged the issues in this case weighs heavily against allowing intervention[.]" *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (affirming denial of motion to intervene where there had been multiple proceedings, including a preliminary injunction, appeal to the Ninth Circuit, and partial grant of summary judgment); *see also*

---

[4] Accordingly, the Court's determination that Klevos's motion is untimely serves as additional grounds for denying Klevos's motion to intervene as of right.

*Smith v. Marsh,* 194 F.3d 1045, 1051 (9th Cir.1999) (affirming denial of intervention due to untimeliness where the case had already "progressed substantially" and the district court had ruled on motions for class certification and summary judgment); *c.f. Northwest Forest Res. Council*, 82 F.3d at 837 (finding lack of prejudice where "the motion was filed before the district court made any substantive rulings").  "It would be highly prejudicial to defendant" to allow intervention after "[a]n extensively briefed and documented motion for summary judgment has been argued and submitted," and where "[t]o allow the proposed intervention would necessitate the reopening of discovery, and would necessarily have delayed any trial." *Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666, 677 (N.D. Cal. 1980) (noting that "it would be highly unusual, from both a procedural and a substantive context, to allow amendment and intervention following the granting of summary judgment against the only named plaintiff at the time of the motion").

      Accordingly, Klevos's motion for permissive intervention is **DENIED**.

## CONCLUSION

      For the foregoing reasons, Klevos's motion to intervene is **DENIED**.

      **IT IS SO ORDERED.**

Dated:  October 19, 2016

Hon. Gonzalo P. Curiel
United States District Judge