UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST O. ABBIT,<br><br>Plaintiff,<br><br>v.<br><br>ING USA ANNUITY AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 13-CV-2310-GPC(WVG)<br><br>**ORDER AFTER STATUS CONFERENCE:**<br><br>**(1) DENYING MOTION FOR DISCOVERY AS MOOT;**<br><br>**[Doc. No. 78]**<br><br>**(2) LIFTING STAY OF DISCOVERY AS TO INDIVIDUAL CLAIMS; and**<br><br>**(3) SETTING MANDATORY SETTLEMENT CONFERENCE.** |

The Court held an attorneys-only telephonic status conference on January 4, 2017 to discuss the progression of the case and other matters. After conferring with the parties, the Court orders as follows:

1. The parties agree that the pending joint motion related to a pending discovery dispute is now moot. (See Doc. No. 78.) Accordingly, that motion is DENIED without prejudice.

2. The stay of discovery related to Plaintiff's individual claims is hereby lifted.

3. A Mandatory Settlement Conference shall be conducted on **February 3, 2017**, at **1:00 p.m.** in the chambers of Magistrate Judge William V. Gallo. Counsel shall submit a

15-page maximum joint settlement statement **directly to chambers** no later than **January 27, 2017**.  The joint statement shall set forth each party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by each party.  The parties shall meet and confer in good faith prior to the Mandatory Settlement Conference, and verify that they have done so in the joint statement, outlining the substance of their discussions and negotiations.

Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.3, all named Plaintiffs, named Defendants, claims adjusters for insured defendants, and if a named Plaintiff or Defendant is a corporation, partnership, or other entity, a representative of that entity, with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and must be prepared to discuss in good faith, the facts of the case, the law that governs the legal issues in the case, and to resolve the case at the Settlement Conference. Sanctions may issue against a party and/or attorney who does not proceed as noted above.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  For good cause, and on *ex parte* application at least one week before the scheduled settlement conference, Magistrate Judge Gallo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference.  Failure to attend the

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486.  A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

1  conference or participate in good faith or obtain proper excuse will be considered grounds
2  for sanctions.  Counsel seeking to reschedule a Settlement Conference must first confer
3  with opposing counsel.  The Court will consider formal, written *ex parte* requests to
4  continue a Settlement Conference when extraordinary circumstances exist that make a
5  continuance appropriate.  In and of itself, having to travel a long distance to appear at the
6  Settlement Conference is not an extraordinary circumstance.

7  IT IS SO ORDERED.

8  DATED: January 4, 2017

Hon. William V. Gallo
United States Magistrate Judge