UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST O. ABBIT, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ING USA ANNUITY AND LIFE INSURANCE COMPANY, ING U.S., INC.,<br><br>Defendants. | Case No.: 3:13-cv-02310-GPC-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT OF THE CLASS CLAIMS PURSUANT TO FED. R. CIV. P. 54(b)**<br><br>[ECF No. 134.] |

Before the Court is Plaintiff Ernest O. Abbit's ("Plaintiff's") Motion for Certification of Partial Final Judgment of the Class Claims pursuant to Federal Rule of Civil Procedure 54(b). (Dkt. No. 134.) Defendants ING USA Annuity and Life Insurance Company and ING U.S., Inc. (collectively, "Defendants" or "ING") oppose the motion. (Dkt. No. 138.) Plaintiff filed a reply. (Dkt. No. 142.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers and applicable law, the Court **DENIES** Plaintiff's Motion for Certification of Partial Final Judgment of the Class Claims.

/ / / /

# BACKGROUND

The Court has previously recited the factual background in this case at length and will not reiterate it here. (*See, e.g.*, Order Granting Defendants' Motion for Summary Judgment on Certified Class Claims, Dkt. No. 117; Order Granting in Part and Denying in Part Motion for Class Certification, Dkt. No. 59.) A brief review of relevant procedural background follows.

On November 16, 2015, the Court granted in part and denied in part Plaintiff's motion for class certification. (Dkt. No. 59 at 26.)[1] Specifically, the Court certified the following five claims: (1) a breach of contract claim based on "ING setting the prices of the undisclosed derivatives structure so low that the true values of the contracts were below the minimum values guaranteed," (*id.* at 15); (2) a UCL claim, flowing from the breach of contract claim, based on "Plaintiff's theory under the Insurance Code . . . that ING failed to maintain guaranteed values of the Secure Index FIAs as required by Cal. Ins. Code § 10168.25," (*id.* at 20); (3) a financial elder abuse claim, also flowing from the breach of contract claim, based on "Plaintiff's theory regarding the failure to maintain guaranteed values of the Secure Index FIAs," (*id.* at 22); and (4) two securities law claims under California law, based on Plaintiff's "novel theory which would extend the reach of securities law to FIAs" on the basis that "FIAs are securities because ING's internal execution of the 'derivatives' and 'options' transfers market risks from ING to Plaintiff and the California Subclass," (*id.* at 23). The Court declined to certify Plaintiff's remaining claims, including, *inter alia*, claims for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, fraud, false advertising under Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and failure to supervise. (Dkt. Nos. 20, 59.)

On February 1, 2016, Defendants filed a motion for summary judgment on the certified class claims. (Dkt. No. 70.) The Court directed dissemination of the class notice on April 26, 2016. (Dkt. No. 91.) On June 24, 2016, the Court held a hearing on

---

[1] All citations to the record are based upon the pagination generated by the CM/ECF system.

Defendants' motion for summary judgment.  (Dkt. No. 111.)  The class opt-out period expired on July 20, 2016.  (Dkt. No. 91 at 1.)  On August 30, 2016, the Court granted Defendants' motion for summary judgment on all certified class claims.  (Dkt. No. 117.) Plaintiff filed a motion for reconsideration of the Court's August 30, 2016 Order granting Defendants' motion for summary judgment on all certified class claims.  (Dkt. No. 121.)  The Court denied Plaintiff's motion for reconsideration on December 12, 2016.  (Dkt. No. 129.)

On December 15, 2016, Defendants filed a motion for summary judgment on Plaintiff's remaining individual claims.  (Dkt. No. 130.)  Plaintiff filed the instant motion on December 23, 2016.  (Dkt. No. 134.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

In evaluating whether dismissal of one or more claims under Rule 54(b) is appropriate, the "district court must first determine that it is dealing with a 'final judgment.'"  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  For a judgment to be "final," it must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

Once this element is satisfied, the district court must evaluate "whether there is any just reason for delay."  *Id.* at 8.  The Supreme Court has made clear that "[n]ot all final judgments on individual claims should be immediately appealable."  *Id.*  For this reason,

"[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.*; *accord Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 629 (9th Cir. 2015) ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."). Evaluation of whether there are just reasons to delay "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. "Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* (*quoting Sears, Roebuck*, 351 U.S. at 438). In this vein, the district court may properly consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* While the issues raised on appeal need not be "completely distinct from the rest of the action," courts inquire "whether the certified order is sufficiently divisible from the other claims such that the 'case would [not] inevitably come back to this court on the same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005)).

## DISCUSSION

Plaintiff requests that the Court enter partial final judgment as to the certified class claims. Plaintiff first states that judgment is final as to the class claims. (Dkt. No. 134-1 at 4.) Plaintiff contends that severing the class claims will expedite decision of the case, and that expeditious resolution is an equitable consideration where Plaintiff and a number of the class members are elderly individuals. (*Id.* at 4–5.) Plaintiff asserts that the remaining individual claims are severable from the class claims. (*Id.* at 4.) In support of this assertion, Plaintiff urges the Court to review his brief in opposition to Defendants' pending motion for summary judgment on his individual claims. (Dkt. No. 142 at 2.)

1    Defendants oppose Plaintiff's motion on several grounds.  First, Defendants argue
2 that the class claims and the individual claims are not sufficiently divisible, as both sets
3 of claims turn on the same facts and involve the same expert witness evidence.  (Dkt. No.
4 138 at 2–4.)  Defendants assert that Plaintiff merely summarily argues that the equities
5 weigh in favor of Rule 54(b) certification, without identifying prejudice or citing to
6 relevant legal authority.  (*Id.* at 4–5.)  Finally, Defendants argue that judicial
7 administrative interests weigh against Rule 54(b) certification, as this case is in the late
8 stage of proceedings.  Defendants note that a motion for summary judgment on Plaintiff's
9 remaining claims (Dkt. No. 130) is currently pending in front of the Court.  (*Id.* at 5.)  If
10 the motion is granted, the entire case will soon be resolved; if the motion is denied, the
11 case will thereafter proceed to trial.  (*Id.*)

12    First, the Court concludes, and the parties agree, that judgment is final as to the
13 certified class claims.  *See Curtiss-Wright*, 446 U.S. at 7.  The Court granted Defendants'
14 motion for summary judgment on the certified class claims (Dkt. No. 117) and denied
15 Plaintiff's motion for reconsideration of that Order (Dkt. No. 129).

16    Second, the Court finds that "sound judicial administration" counsels against
17 granting Rule 54(b) certification for the class claims.  *See Jewel*, 810 at 629.  A brief
18 review of the parties' briefing on Defendants' pending motion for summary judgment
19 belies the difficulty in severing the class claims from the individual claims.  (*See* Dkt.
20 Nos. 130, 141.)  The facts pertinent to the class claims are intertwined with the issues
21 remaining in Plaintiff's individual case.  Plaintiff's own opposition brief reveals as
22 much—the Secure Index FIA contract terms and Defendants' contract performance are
23 central to multiple remaining issues, including, *inter alia*, the value of Plaintiff's contract,
24 whether Defendants breached a fiduciary duty owed to Plaintiff, whether Defendants
25 breached the implied covenant of good faith and fair dealing, whether Defendants made
26 material misrepresentations or omissions to Plaintiff, and whether Plaintiff suffered
27 damages.  (*See generally* Dkt. No. 141); *see also U.S. ex rel. Technica, LLC v. Carolina*
28 *Cas. Ins. Co.*, No. 08CV1673 JAH CAB, 2011 WL 1121276, at *4 (S.D. Cal. Mar. 21,

2011) (holding that where "plaintiff's claims arose from the same contract . . . as the breach of contract claim still remaining to be litigated," the likelihood of overlap between facts, witnesses and evidence, and legal issues weighed against Rule 54(b) certification).[2] "Absent a seriously important reason . . . the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Wood*, 422 F.3d at 883; *see also Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings."); *Jewel*, 810 F.3d at 629 (holding that partial final judgment pursuant to Rule 54(b) was inappropriate where claims "rel[ied] on inter-connected factual allegations" and concluding that "'this case would inevitably come back to this court on the same set of facts'" (quoting *Wood*, 422 F.3d at 879)); *accord Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1156 (3d Cir. 1990) ("The interlocking factual relationship of the various counts leading to the likelihood that a subsequent appeal would again seek review of the issues presented here also suggests that it was not in the interests of sound judicial administration for the district court to certify this judgment as final."). Accordingly, the Court concludes that granting Rule 54(b) certification would contravene "federal policy against piecemeal appeals"—the class claims are not sufficiently severable "such that no appellate court would have to decide the same issues more than once . . . if there were subsequent appeals" on the individual claims.[3]  *Curtiss-Wright*, 446 U.S. at 8.

---

[2] That Plaintiff's initial "uncertainty" regarding "which claims w[ould] be certified" led Plaintiff to consult with the same expert as to all potential claims does not mitigate the fact that the same expert witness evidence will be used to address both sets of claims. (Dkt. No. 142 at 2–3.)

[3] Plaintiff's cited decisions are readily distinguishable from the instant case. *See De La Torre v. CashCall, Inc.*, No. 08-CV-03174-MEJ, 2014 WL 7277377, at *3 (N.D. Cal. Dec. 22, 2014) (concluding that where "both parties *agree* that the [two claims] legally and factually distinct such that these claims can be separately adjudicated . . . there is no concern that resolution of [one claim] will impact the [other claim] or lead to piecemeal appeals") (emphasis added); *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465,

Plaintiff responds that Defendants' instant position is untenable in light of the Court's determination that certain claims failed to meet the requirements of class certification and hence could not be litigated alongside the certified class claims. (*Id.* at 2; *see also* Dkt. No. 117 at 8 (finding Plaintiff's "based on" claim to be outside the scope of the certified class claims).) However, Plaintiff mistakenly confounds the Rule 54(b) certification inquiry with the Court's class certification analysis. The Court's prior conclusion that Plaintiff improperly raised a new claim outside the scope of the five certified class claims at summary judgment (*see* Dkt. No. 117 at 8) does not resolve the instant question of whether Plaintiff's individual claims are factually severable from the certified class claims.

By Plaintiff's own admission, if the Court grants Defendants' pending motion for summary judgment on Plaintiff's individual claims, the "instant motion would be deemed moot." (Dkt. No. 142 at 3.) Plaintiff estimates that if the Court denies the pending motion for summary judgment, "at least 9–12 months" will elapse before Plaintiff's individual claims can proceed to a jury trial. (*Id.*) However, the fact that a year may elapse before trial does not mitigate the substantial likelihood that Rule 54(b) certification of the class claims would engender piecemeal appellate litigation with interlocking facts. Nor does it render Rule 54(b) certification "necessary to avoid a harsh and unjust result." *Morrison-Knudsen*, 655 F.2d at 965.

Finally, the Court concludes that the equities do not offset the judicial administrative concerns. The Court recognizes that Plaintiff and a number of class

---

468 (9th Cir. 1987) (holding that Rule 54(b) certification was appropriate where the "order and judgment fully dispose of the case between the [plaintiffs] and [one defendant], and will likely aid in the expeditious decision of [the remaining defendant's] counterclaim"); *Local Union No. 1812, United Mine Workers of Am. v. BethEnergy Mines, Inc.*, 992 F.2d 569, 572 (6th Cir. 1993) (finding that plaintiffs' claims against defendant "involved a breach of contract that was severable from the claims against the remaining defendants"); *Green Oak Hedge Fund, Ltd. v. Hopkinson*, No. 2:06-CV-636 TS, 2008 WL 153772, at *5 (D. Utah Jan. 14, 2008) (granting Rule 54(b) certification where the claims were "different enough such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals") (internal citation and quotation marks omitted).

members are elderly.  Given this fact, the Court is prepared to expedite pretrial proceedings and set a jury trial in May 2017.  To this end, the parties are to contact the Magistrate Judge's chambers for a scheduling order regarding pretrial proceedings.

However, in light of the Court's finding that the "similarity of legal or factual issues . . . weigh[s] heavily against entry of judgment under the rule," Plaintiff has neither persuaded the Court that Rule 54(b) certification is "necessary to avoid a harsh and unjust result" nor provided sufficient facts and legal authority such that the Court could document the "harsh and unjust result" with "further and specific findings." *Morrison-Knudsen*, 655 F.2d at 965.  Plaintiff cites to inapposite law to argue that the elderly age of the class members necessitates Rule 54(b) certification. (Dkt. No. 134-1 at 4 (citing *Int'l Union of Elec., Elec., Salaried, Mach., & Furniture Workers, AFL-CIO v. Unisys Corp.*, 858 F. Supp. 1243, 1267 (E.D.N.Y. 1994) ("The unquantifiable value of an expeditious resolution to an elderly person is not to be overlooked *in assessing the reasonableness of a proposed settlement*.") (emphasis added)).)  And Plaintiff's argument that "Defendants have not presented any evidence to weigh the scales in the other direction" fails to relieve Plaintiff's burden to demonstrate that Rule 54(b) certification is warranted.  (Dkt. No. 142 at 4–5); *see First Amendment Coal. of Arizona, Inc. v. Ryan*, No. CV-14-01447-PHX-NVW, 2016 WL 4236373, at *1 (D. Ariz. Aug. 10, 2016) ("The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification.") (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)).

Accordingly, the Court finds that although the Court's judgment regarding the certified class claims is final, the class claims are not severable from the individual claims, and Plaintiff has not established that "there is no just reason for delay." Fed. R. Civ. P. 54(b).

/ / / /

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Certification of Partial Final Judgment of the Class Claims pursuant to Federal Rule of Civil Procedure 54(b). (Dkt. No. 134.)

**IT IS SO ORDERED.**

Dated: February 2, 2017

Hon. Gonzalo P. Curiel
United States District Judge